IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Bouknight, ) | C/A No. 3:15-2879-CMC-PJG |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| KW Associates LLC, *d/b/a KW Beverage,* *d/b/a Budweiser of Columbia,* and Jim Kirkham, ) | |
| Defendants. ) | |

    Kevin Bouknight filed this action in the Richland County Court of Common Pleas raising various state law claims. After Bouknight moved to amend his Complaint to add two federal employment causes of action, but prior to the state court's ruling on Bouknight's motion, the defendants removed this action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). For the reasons that follow, the court concludes that this action should be remanded to state court for lack of subject matter jurisdiction.

    Following notice to the parties, the court held a hearing on November 5, 2015 as to the issue of subject matter jurisdiction. At the hearing, Bouknight orally moved to remand this matter to state court and for attorneys' fees, arguing that the defendants' removal was objectively unreasonable.

    The parties agree that, pursuant to the majority view, a motion to amend and proposed amended complaint to add a federal claim cannot serve as a basis for removal, and that a case becomes removable only after the state court grants the motion. See Nolan v. Sunstate Carriers, Inc., C/A No. 4:09-2043-RBH, 2009 WL 5031308, at *3 (D.S.C. Dec. 14, 2009) (collecting cases and discussing the triggering point for the thirty-day removal period, including the minority view and the

PJG

majority view, which provides "that the thirty-day removal period does not begin to run until a state court judge enters an order granting leave to file an amended complaint"); see also Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998) (Posner, C.J.) ("Until the state judge granted the motion to amend, there was no basis for removal.  Until then, the complaint did not state a federal claim.  It might never state a claim, since the state judge might deny the motion.").  The court agrees with the majority view and finds that this action was removed prematurely.

Based on the foregoing, the court recommends that this matter be remanded to state court.  The court further finds that, in light of the existence of cases espousing the minority view to the contrary, the defendant's removal was not objectively unreasonable and Bouknight's requests for fees and costs should be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 5, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).